UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-21789-CV-KING

DWAYNE CRAWFORD,

    Plaintiff,

v.

LG BAL HARBOUR, LLC, and
CHRISTIAN DELOUVRIER,

    Defendants.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY COLLECTIVE ACTION CERTIFICATION AND TO PERMIT COURT-SUPERVISED NOTICE TO EMPLOYEES OF THEIR OPT-IN RIGHTS

THIS CAUSE comes before the Court upon the Plaintiff's Motion for Preliminary Collective Action Certification and to Permit Court-Supervised Notice to Employees of their Opt-In Rights, and Incorporated Memorandum of Law in Support (D.E. #7), filed October 7, 2008. On October 27, 2008, the Defendants filed their Response (D.E. #8). On December 3, 2008, the Plaintiff filed his Reply (D.E. #17).

The undersigned concludes that said Motion should be granted. At the conditional-certification stage, a fairly lenient standard is used. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001). Certification should occur if, through the submitted pleadings and any affidavits, the plaintiffs establish a reasonable basis for their classwide claim. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th

Cir. 1996). This burden is satisfied if the affidavits indicate that there are other employees who (1) are similarly situated and (2) desire to opt in. *See Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991). Here, the Plaintiff has satisfied both prongs for conditional certification.

First, the Plaintiff, through both sworn declarations and the Complaint (D.E. #1), alleges that there are other employees who are similarly situated. In the Complaint, the Plaintiff alleges that there are other "similarly situated" employees who (1) were "current and former Bartenders and Servers"; (2) were subjected to violations since May 1, 2005 of the Fair Labor Standards Act ("FLSA"); and (3) were all part of an improper "tip pool." Compl, ¶¶ 3, 18, 21. Furthermore, the Plaintiff alleges that employees who were part of the tip pool had similar job duties in that they never interacted with customers. *See* Supplemental Sworn Declaration of Dwayne Crawford, ¶ 4. These allegations establish a reasonable basis that there are other employees who are similarly situated. *See Bell v. Mynt Entm't, LLC*, 223 F.R.D. 680, 683 (S.D. Fla. July 13, 2004) (Jordan, J.) (holding that plaintiffs' affidavits established that there were "other similarly-situated servers/waitresses and bartenders" for purposes of conditional certification).

Second, the Plaintiff has established a reasonable basis that these other employees desire to opt in. The Plaintiff alleges that he has "spoken with numerous [] employees [of the Defendant] about the tip pool who are unhappy about the tip pool and who I believe want to join this suit. They include Lauren (a server), Tommy (a busser), and Andrew (a busser)." Supplemental Sworn Declaration of Dwayne Crawford, ¶ 4. At this early stage

of litigation, this allegation is sufficient to satisfy the second prong for conditional certification. *See Bell*, 223 F.R.D. at 683 (holding that the opt-in prong had also been satisfied because "affiants also claim to be familiar with other similarly-situated servers/waitresses and bartenders who were unhappy with the distribution of the tip income and who would be interested in joining this litigation").[1]

Accordingly, it is ORDERED, ADJUDGED, and DECREED that the Plaintiff's Motion for Preliminary Collective Action Certification and to Permit Court-Supervised Notice to Employees of their Opt-In Rights, and Incorporated Memorandum of Law in Support (**D.E. #7**) be, and the same is hereby, **GRANTED**. The Notice (attached to said Motion as Exhibit A) and the Consent Form (attached to said Motion as Exhibit B) are hereby **APPROVED for expedited mailing of notice to potential FLSA members**. Furthermore, the Defendants are hereby ordered to provide electronically the names, addresses, email addresses, and telephone numbers of all persons who potentially satisfy the designated criteria of the approved Notice to the Plaintiff within the next fifteen (15)

---

[1]The Defendants also assert that this Motion should be denied because the Plaintiff is an inappropriate class representative. The undersigned disagrees. For conditional-certification purposes, the appropriateness of the class representative is not a relevant consideration. *See Grayson*, 79 F.3d at 1096 ("For an opt-in class to be created under section 216(b), an employee need only show that he is suing his employer for himself and on behalf of other employees 'similarly situated.' "). Furthermore, certification for a FLSA action is distinct from other actions for which appropriateness of the class representative is relevant. *See Perez v. Avatar Prop's, Inc.*, 2008 WL 4853642, at *3 (M.D. Fla. Nov. 6, 2008) ("Under § 216(b), even if a plaintiff can demonstrate that other potential plaintiffs are 'similarly situated' employees, the plaintiff has no independent right to represent such individuals. . . . Instead, the potential plaintiffs must file with the district court written consent to become a party plaintiff.").

days.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 9th day of December, 2008.

*[signature]*
JAMES LAWRENCE KING
U.S. DISTRICT COURT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: **_Counsel for Plaintiff_**

**Matthew Wilson Dietz**
Matthew W. Dietz
2990 SW 35th Avenue
Miami , FL 33133

**_Counsel for Defendant_**

**Anthony Robert Garrett**
Hyman Kaplan Ganguzza Spector & Mars
150 W Flagler Street
Suite 2701 Museum Tower
Miami , FL 33130